UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
:
BEVERLY EZRA, :
: **ORDER GRANTING**
                 Plaintiff, : **DEFENDANTS' MOTION FOR**
: **JUDGMENT ON THE**
  -against- : **PLEADINGS**
:
BRISTOL-MYERS SQUIBB COMPANY, :
MEDICAL ENGINEERING CORPORATION, : 18 Civ. 7911 (AKH)
and DOES and ROES I through XX, :
:
                Defendants. :
---------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiff sues defendants Bristol-Myers Squibb Corporation ("BMS") and Medical Engineering Corporation ("MEC"), the manufacturers and distributors of plaintiff's silicone gel breast implants that ruptured within her. Plaintiff had sued defendants in 1998 in the Eastern District of New York, but agreed to terminate that suit in a January 26, 2000 Tolling Agreement. That agreement, executed by her former counsel, Weitz & Luxenberg, P.C. ("W&L"), provided that plaintiff's lawsuit would be dismissed *without* prejudice.[1] In fact, however, W&L and defendants filed a stipulation of dismissal *with* prejudice.[2]

---

[1] The Tolling Agreement provided, in relevant part:

  1. Plaintiff hereby stipulates and agrees that she will dismiss, without prejudice and without costs, her [product liability lawsuit].

  2. Plaintiff agrees not to refile this action or file any new action regarding the subject matter of silicone breast implants within one year of the date of the dismissal of the above-referenced action.

  3. Defendants agree to toll any applicable statutes of limitations for actions regarding breast implants from the date of the above-referenced dismissal of this action to a date two years after the death of Plaintiff Beverly J. Ezra.

ECF No. 17-1, at 1.

[2] *See Ezra v. Bristol-Myers Squibb, et al.*, 98-cv-118-JBW (E.D.N.Y.), ECF No. 9.

In October 2015, plaintiff sought to re-file her lawsuit, but her new lawyer advised her that the stipulation of dismissal barred her from suing. Instead, she sued W&L, BMS, and MEC in the District of Nevada, alleging that she had been wronged, and claiming that BMS and MEC breached the provisions of the Tolling Agreement.[3] *See Ezra v. Weitz & Luxenberg, P.C., et al.*, No. 16-cv-486-RFB-PAL ("Nevada Lawsuit"), ECF No. 1. The district court dismissed the complaint against W&L for lack of personal jurisdiction (ECF No. 82), and later transferred the case against BMS and MEC to this Court (ECF No. 88).[4] Defendants BMS and MEC move for judgment on the pleadings, arguing that plaintiff's Amended Complaint does not adequately plead a legally sufficient, plausible claim, and that, in any event, the claims are time-barred. *See* Fed. R. Civ. P. 12(c).

## DISCUSSION

Accepting all allegations in the Amended Complaint as true, I turn first to the issue of which statute of limitations applies to plaintiff's claims. In their briefs, although the parties cite to both the New York and Nevada statutes of limitations, they discuss only New York case law. They do not explain their assumption that the New York statute of limitations applies. In the October 10, 2017 order, Judge Boulware considered only the Nevada statute of limitations, which "may be 'tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action.'" ECF No. 72, at 5 (quoting *Peterson v. Bruen*, 106 Nev. 271, 274 (1990)). The Nevada district court found that, because of affirmative representations made to her by W&L, plaintiff did not discover, and could not reasonably have

---

[3] On October 10, 2017, the district court granted the motion of BMS and MEC to dismiss plaintiff's fraud and intentional infliction of emotional distress claims, and denied the motion as to plaintiff's contract-related claims (ECF No. 72).

[4] On September 17, 2018, plaintiff sued W&L in this Court. *See Ezra v. Weitz & Luxenberg, P.C., et al.*, No. 18-cv-6802 (AKH). That case is dismissed by a separate order.

2

discovered, the with-prejudice dismissal until October 2015. Accordingly, the district court allowed tolling of the Nevada statute of limitations until October 2015. I adopt this ruling.

The general rule is that a federal court sitting in diversity looks to the law of the forum state to determine which statute of limitations applies. *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945). Following transfer under 28 U.S.C. § 1404(a), however, the transferee court must apply the transferor court's choice-of-law rules, regardless of which party moved to transfer. *Ferens v. John Deere Co.*, 494 U.S. 516 (1990). The transferor court in this case sits in Nevada, and so this Court must apply Nevada's choice-of-law rules. Nevada has the following borrowing statute:

> When a cause of action has arisen in another state, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against the person in this State, *except in favor of a citizen thereof who has held the cause of action from the time it accrued.*

Nev. Rev. Stat. Ann. 11.020 (emphasis added). Under this provision, a plaintiff who is a citizen of Nevada when the complaint is filed is exempt from Nevada's borrowing statute. *Flowers v. Carville*, 310 F.3d 1118, 1125 (9th Cir. 2002). Plaintiff was a citizen of Nevada as of the filing of the Complaint and the Amended Complaint. ECF. No. 1, at 2; ECF No. 42, at 2. Thus, under Nevada's choice-of-law rules, the Nevada statute of limitations continues to govern, even though plaintiff's cause of action arises out of a Stipulated Agreement filed in the Eastern District of New York. Accordingly, I do not consider the statute of limitations arguments made by the parties under New York law.

On the merits of plaintiff's contract-related claims, Judge Boulware held that plaintiff adequately alleged that BMS and MEC breached the Tolling Agreement by stipulating to the August 31, 2000 with-prejudice dismissal.[5] I disagree.

The Tolling Agreement sets forth the following binding obligations on the parties:

1. Plaintiff hereby stipulates and agrees that she will dismiss, without prejudice and without costs, her [product liability lawsuit].

2. Plaintiff agrees not to refile this action or file any new action regarding the subject matter of silicone breast implants within one year of the date of the dismissal of the above-referenced action.

3. Defendants agree to toll any applicable statutes of limitations for actions regarding breast implants from the date of the above-referenced dismissal of this action to a date two years after the death of Plaintiff Beverly J. Ezra.

ECF No. 17-1, at 1. The only effect of the Tolling Agreement on BMS and MEC's rights and obligations was that the companies would be estopped from asserting a statute of limitations defense if ever plaintiff were to re-file her product liability suit. The Tolling Agreement did not obligate BMS or MEC to take, or refrain from, any action in connection with the voluntary dismissal of plaintiff's product liability lawsuit. By the express terms of the contract, *plaintiff* was bound to dismiss the lawsuit without prejudice. It was the duty of *plaintiff*, acting through her agent and counsel, W&L, to ensure that the dismissal was entered without prejudice. If, as it appears, W&L failed to do so, the appropriate recourse for plaintiff would have been a timely action against W&L. Defendants had no duty to plaintiff to alert her to, or protect her from, the errors of her chosen counsel.

---

[5] Apparently to avoid a perceived statute of limitations bar, plaintiff now alleges that the breach occurred in October 2015 upon her discovery of the with-prejudice dismissal. Plaintiff's Opposition Memorandum, ECF No. 99, at 15. However, plaintiff does not allege any acts or omissions by BMS or MEC relating to the Tolling Agreement since August 31, 2000, when defendants entered into the Stipulated Agreement. The only relevant conduct alleged to have occurred in October 2015 is that of *plaintiff and her counsel, i.e.*, discovery of the August 31, 2000 with-prejudice dismissal after plaintiff sought to re-file her product liability suit. I therefore construe plaintiff's contract-related claims to pertain to the August 31, 2000 with-prejudice dismissal.

Defendants' motion for judgment on the pleadings is granted. The Clerk shall terminate the motion (ECF No. 96), grant judgment in defendants' favor, and mark the case closed.

SO ORDERED.

Dated:  New York, New York
         November 28, 2018

_____
ALVIN K. HELLERSTEIN
United States District Judge